VALERIAN J. FRANK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
FRANK v. COMMISSIONER
Docket No. 1850-77.
United States Tax Court
T.C. Memo 1978-477; 1978 Tax Ct. Memo LEXIS 34; 37 T.C.M. (CCH) 1849-34; November 29, 1978, Filed *34 Held: Respondent sustained in asserting addition to tax under sec. 6653(a), I.R.C. 1954, for 1972 and deficiency in tax for 1975. Valerian J. Frank, pro se. Dale L. Newland, for respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: Respondent determined a deficiency in petitioner's income tax for the year 1972 and an addition to tax for negligence under section 6653(a), I.R.C. 1954, [1] in the amount of $44.20. Petitioner agreed to the deficiency for 1972 and that is not in dispute. Respondent also determined a deficiency in petitioner's income tax for the year 1975 in the amount of $37.73 because petitioner used the wrong figure on the tax tables in reporting the tax due on the adjusted gross income reported on his return. *35 The issues for decision are whether respondent erred in asserting the negligence penalty for 1972 and in determining the amount of tax due from petitioner for the year 1975. FINDINGS OF FACT The stipulated facts are so found. Petitioner is an individual with legal residence at North Redwood, Minn., which was also his residence at the time of the filing of the petition herein. Petitioner filed individual income tax returns for the calendar years 1972 and 1975. On his 1972 return petitioner reported adjusted gross income in the amount of $5,071.15 and claimed an itemized deduction for "donations" in the amount of $25 and a casualty loss in the net amount of $5,900, thus reflecting no taxable income and no tax due. On his return for 1975 petitioner reported adjusted gross income in the amount of $4,816.62, claimed one exemption, elected to determine his tax from the tax tables, and reported tax due as taken from the tax tables in the amount of $362. The correct amount of tax shown on the 1975 tax tables to be due for an individual reporting adjusted gross income in the amount of $4,816.62 and claiming one exemption is $400. In 1973 petitioner went to A. C. Brown, *36 an employee of H & R Block, to prepare his 1972 income tax return. Petitioner gave Brown an explanation for a crop loss deduction that a certain quantity of corn, garden vegetables, and six cows had been destroyed by crop dusting. Brown ascertained that petitioner had no tax basis in the allegedly destroyed crops and cows and advised petitioner that he was not entitled to the deduction. When Brown refused to alter the 1972 return, petitioner took his return elsewhere for preparation. Charles H. Ninow of Bird Island, Minn., prepared petitioner's 1972 income tax return and placed on the return a deduction for $6,000 crop loss, which he informed petitioner was not deductible. Petitioner informed Ninow that he would worry about the nondeductibility of the crop loss if his return was audited. In his petition filed in this Court petitioner claimed that he was entitled to certain charges and expenses for trying to collect bills owing to him. No claim for such expenses was made on his tax returns for 1972 and 1975 and no evidence was offered with respect to the amounts, payments, or circumstances of the expenditures at the trial. OPINION At the trial of this case, despite repeated *37 suggestions from the Court, petitioner offered no evidence relative to the negligence penalty asserted for 1972 or the correct tax shown on the tax tables for the adjusted gross income reported on petitioner's return for 1975. Since petitioner has the burden of proving error in respondent's determinations with respect to both the addition to tax for negligence or intentional disregard of rules and regulations under section 6653(a), Courtney v. Commissioner,28 T.C. 658 (1957), and the amount of tax due for 1975, Rule 142, Tax Court Rules of Practice and Procedure, and has failed to present any evidence to carry that burden, we must find for respondent on both issues. With regard to the addition to tax under section 6653(a) for 1972, it is stipulated that petitioner was advised by two tax return preparers that he was not entitled to a loss deduction for alleged damage to, or destruction of, crops and cows by crop dusting. Nevertheless, petitioner insisted on filing a return on which the loss was claimed, apparently hoping that the return would not be audited. When the return was audited he did not dispute disallowance of the loss deduction. The negligence penalty *38 may be imposed where deductions are claimed on a return which are not supported by facts. Farwell v. Commissioner,35 T.C. 454 (1960); Marcello v. Commissioner,43 T.C. 168 (1964). And a failure to contest or explain items contested by the Internal Revenue Service or to offer any tenable excuse can warrant imposition of the negligence penalty. Washburn v. Commissioner,44 T.C. 217 (1965). Petitioner apparently is obsessed with the idea that because he has been unable to collect or receive any assistance from anybody in collecting alleged debts owing to him he should not be made to pay taxes to the Government. His petition and his entire testimony at the trial were directed to this premise. He did not allege in his pleadings or testify at the trial that he had reported income on his returns that he had not collected--in fact he gave no details about the alleged uncollected indebtedness. While we can sympathize with petitioner's frustrations, if they are as alleged, this clearly does not excuse his apparently deliberate claim of a deduction to which he knew he was not entitled, thereby paying no Federal income tax. Respondent was *39 clearly justified in imposing the addition to tax under section 6653(a) for 1972. No evidence was offered with respect to the amount of tax shown to be due on the 1975 tax tables for a taxpayer reporting adjusted gross income of $4,816.62 and claiming one exemption, but we have checked the tax tables established by respondent under authority of section 3 of the Code and have verified that the amount shown to be due was $400. Consequently, respondent was correct in asserting the deficiency for 1975. Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩